## May M. Jackman, Appellee, v. Clarence W. Jackman, Appellant.

## Gen. No. 24,696.

1. HUSBAND AND WIFE, § 217*—*what must be shown to maintain bill for separate maintenance.* To maintain a bill for separate maintenance the complainant must show good cause for living separate and apart from her husband.

2. HUSBAND AND WIFE, § 217*—*what constitutes good cause for wife living apart from husband.* Good cause for a wife living apart from her husband, as affording a basis for a bill for separate maintenance, must be conduct on his part as will directly endanger her life, person or health, or such a course of conduct towards her which will necessarily and inevitably render her life miserable, and living as his wife unendurable.

3. HUSBAND AND WIFE, § 217*—*when separation of wife from husband not without her fault.* If a wife leaves her husband voluntarily, or by consent, or if her misconduct has materially induced the course of action on the part of the husband upon which she relies as justifying the separation, it is not without her fault.

4. HUSBAND AND WIFE, § 264*—*when decree for separate maintenance unsupported by evidence.* Evidence *held* insufficient to warrant a decree for separate maintenance.

5. HUSBAND AND WIFE, § 217*—*what insufficient grounds for decree of separate maintenance.* Dissatisfaction of the wife alone with married life or with the husband, and the opportunity to better herself financially, are not sufficient grounds for a decree of separate maintenance.

Appeal from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in this court at the October

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

term, 1918.   Reversed and remanded with directions.   Opinion filed March 10, 1919.

OTTO G. RYDEN, for appellant.

ADAMS, CHILDS, BOBB & WESCOTT, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Complainant filed her bill asking for separate maintenance, and upon hearing was awarded a decree, with an amount for the support of the two children and also for solicitors' fees.   Defendant asks that this be reversed.

We are of the opinion that the evidence fails to support complainant's right to the decree.

By her bill complainant asserted as grounds for the relief sought, cruelty and desertion.   The evidence wholly fails to establish cruelty.   The circumstances of the two instances of alleged cruelty vaguely appear from the testimony on behalf of complainant and are categorically denied.   The chancellor did not find that this charge was proven, and upon the record such a conclusion was inevitable.

The chancellor, however, held as proven that the defendant had deserted complainant and that she was living separate and apart from her husband without her fault.   We do not agree with this conclusion.   The parties were married in August, 1905, and lived together until about February 18, 1917.   Two children were born of the marriage, a boy and girl.   Since the separation the boy has been living with the father, and the girl with her mother.   Up to the time of her marriage and for some years prior thereto complainant had been employed in a bank.   After marriage she and her husband lived together, and seemed to have had the not infrequent experiences of newly married people in keeping the living expenses within the income earned by the husband.   It is unnecessary to relate the

details of the bickerings and irritating clashes over money matters. Viewing the whole matter, we are inclined to the opinion that the defendant, while not in receipt of a large income, was industrious and faithful to his wife and family and, while frequently in straits, was doing the best he could to give them a comfortable home and surroundings, and with fair success. A home in Oak Park was purchased, and progress made in paying for it. For a good part of this time relatives of the complainant lived or boarded with them, and there is some force in the suggestion that complainant's fondness for them diminished somewhat her sense of affection for her husband and interest in the mutual problems and life of herself and him. It is patent that complainant was a capable business woman who found her greater comfort in employment in an office than as a housekeeper. It is evident that the larger financial income she received while employed, together with her independence and freedom from domestic anxieties, seemed attractive; probably married life had been found by her to be a disappointment. In the first part of February, 1917, she resumed employment as a bookkeeper in the office of a business concern at a salary of $150 per month. This evidently did not meet with the approval of her husband; it left no one to take care of the small boy, then about 8 years of age. The little girl, without consulting the defendant, had prior to that time been sent by the complainant to an aunt.

Defendant testified that he protested against his wife remaining away from their home, with no one to look after the boy, and was told by complainant that if he did not like this he could get out. On February 18, 1917, defendant went away with the boy for the purpose of placing him in the care of some one. Complainant testified that she expected defendant to return that night, and defendant also testified that he expected, when he had gotten a place for the boy to live, to return to his wife; that he saw his wife a few days

later and told her he was coming home, and she answered, "No, you're not." The boy has since then been in the custody of the father, who has apparently taken good care of him, placing him in schools, and while he was sick in a hospital, the father providing a nurse. After this separation in February complainant gave up their apartment and stored the furniture. Defendant thereupon made arrangements to rent another flat, and went to where complainant was employed and asked her to come back and select a place for a new home, but she refused. It is not denied that defendant rented an apartment and made various and many efforts to induce complainant to re-establish their home, but she declined. She testified that she looked at the flat rented by defendant but "was not particularly taken with it. * * * What did I want to go into another home for?" Defendant testified upon the trial that he still wanted his wife to come back, and would make a home for her. A sister of complainant, who lived in their home for 7 years prior to the separation, testified that everything was all right between the parties except the insufficiency of money. Complainant's own testimony as to the cause of separation was that she "had a chance to get a position as bookkeeper," and that this caused "a climax."

In *Johnson v. Johnson,* 125 Ill. 510, it was held that to maintain a bill for separate maintenance the complainant must show good cause for living separate and apart from her husband, and that such cause must be conduct on his part as would directly endanger her life, person or health, or such a course of conduct towards her which will necessarily and inevitably render her life miserable, and living as his wife unendurable. "Incompatibility of disposition, occasional ebullitions of passion, trivial difficulties, or slight moral obliquities, will not justify separation"; it must also appear that her living apart from her husband is without fault on her part—and by such fault is meant "a vol-

untary consenting to the separation, or such failure of duty or misconduct on her part as 'materially contributes to a disruption of the marital relation.'

"If she leave the husband voluntarily, or by consent, or if her misconduct has materially induced the course of action on the part of the husband upon which she relies as justifying the separation, it is not without her fault, within the meaning of the law. No encouragement can be given to the living apart of husband and wife. The law and good of society alike forbid it."

To the same effect is *Decker v. Decker*, 279 Ill. 300.

In the light of these principles it is clear that complainant has not shown a case which entitles her to a decree of separate maintenance. Dissatisfaction alone with married life or with the husband, and the opportunity to better her condition financially, are not sufficient grounds.

For the reasons above indicated the decree of the trial court is reversed and the cause is remanded with directions to dismiss complainant's bill for want of equity.

*Reversed and remanded with directions.*